52655. BELL v. FINE PRODUCTS COMPANY, INC. et al.

MARSHALL, Judge.

Appellant Bell brought suit against ten defendants, all having some connection with the corporate defendant

Fine Products. Following extensive pleadings in the lower court, appellant has perfected this appeal asserting that he is entitled to an accounting of certain loans made by the Fine Products profit sharing trust fund.

Litigation in the lower court of appellant's two-count "Complaint of Equity" resulted in the dismissal of Count 1 and the striking of several allegations of Count 2 and the dismissal of several of the parties defendant to the suit, from all of which appellant did not perfect an appeal. The essence of what remains in appellant's amended complaint are allegations that defendants Samuel F. Maguire and William F. Maguire, as investment trustees of the profit sharing trust, of which appellant was a beneficiary, did make certain loans to themselves and to a defunct corporation without authority, and that the other remaining defendants, Ashmore, Kilpatrick and C. & S. Bank of Augusta, as administrative trustees of the fund, failed to collect these loans, and that appellant is entitled to an accounting of the monies lent. These trustees answered, filed affidavits and moved for summary judgment based on the grounds that (1) appellant had been given an accounting and admits same in his affidavit, and (2) appellant's retention of a check drawn on the trust fund and representing his entitlement to the fund constituted an accord and satisfaction. The trial court granted the motions for summary judgment as to all remaining defendants, and appellant appeals. *Held:*

1. Appellee, William F. Maguire's motion to dismiss the appeal is denied. The order granting summary judgment in his favor is a specific order from which appellant appeals.

2. The only real issue presented by this appeal is whether or not appellant is entitled to an accounting in regard to alleged "fraudulent, illegal, improper, and self-dealing acts of the trustees, William F. Maguire and Samuel F. Maguire." Appellant contends that these acts have materially affected his interest in the profit sharing trust.

The record shows that appellant *was* given an accounting from defendant Ashmore concerning the very loans about which he complains. Even though the

information given in the "accounting" may not have answered all the questions appellant may have had concerning these loans, appellant admits in his affidavit that he was referred to defendant C. & S. Bank for further trust fund audit information of which appellant did not avail himself. Furthermore, appellant could have sought, via discovery procedures of the Civil Practice Act, Code Ann. § 81A-126 et seq., more details concerning the loans and could have sought sanctions under Code Ann. § 81A-137 for defendant's failing to furnish complete information. "Equity will not force persons to litigate in order to have done what they ought, and are willing, voluntarily to do." Code § 37-118. There being no showing of specific acts of "self-dealing" or trust violations by the defendants, the trial court properly granted summary judgment to all remaining defendants.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED
OCTOBER 15, 1976.

Hudson L. Bell, *pro se.*

*Burnside, Dye, Miller & Bowen, Thomas R. Burnside, Jr., Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellees.